UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA Q. MITCHELL,<br><br>                    Petitioner,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>                    Respondents. | Case No.: 24-cv-01080-AJB-JLB<br><br>**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 8]** |

On August 12, 2024, petitioner Kenyatta Q. Mitchell ("Petitioner") filed a Motion for Appointment of Counsel. (ECF No. 8.) In support of the motion, Petitioner argues his "imprisonment will greatly limit his ability to litigate this case," the issues are "complex[,] involving constitutional questions," a lawyer would assist Petitioner with presentation of all evidentiary materials "[i]n the event of an evidentiary hearing," and he has made "repeated efforts" to retain qualified counsel. (*Id.* at 1–2.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today.") (internal

citation omitted); *Redd v. Guerrero*, 84 F.4th 874, 880 (9th Cir. 2023) ("[T]here is no federal constitutional right to habeas counsel."); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) ("[T]he sixth amendment right to counsel does not apply in habeas corpus actions."). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The interests of justice require appointment of counsel when it is necessary for effective discovery or when the court conducts an evidentiary hearing on the petition. *See* Rules Governing § 2254 Cases in the United States District Courts, R. 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), R. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Knaubert*, 791 F.2d at 728 ("Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court."). At this point in the proceedings, there has been no request for discovery or an evidentiary hearing, much less a determination by the Court that either is necessary, and thus the decision whether to appoint counsel is discretionary.

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also Knaubert*, 791 F.2d at 728–29. Moreover, "[t]he procedures employed

by the federal courts are highly protective of a *pro se* petitioner's rights[, and t]he district court is required to construe a *pro se* petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam)).

The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondents to file an answer or other responsive pleading to the Petition. (*See* ECF No. 4.) Thus, Petitioner has sufficiently represented himself to date. Moreover, it is too early in the proceedings for the Court to determine whether Petitioner has any likelihood of success on the merits or whether the issues presented in this case are complex. Neither an answer nor a motion to dismiss has been filed yet. (*See id.* at 2–3.) Accordingly, the Court finds the interests of justice do not warrant the appointment of counsel in this case at this time, and the Court **DENIES without prejudice** Petitioner's motion for appointment of counsel. Petitioner may renew his request at a later time.

**IT IS SO ORDERED.**

Dated: August 19, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge