# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA Q. MITCHELL,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>C. PFIEFFER, Warden, et al.,<br><br>　　　　　　　　Respondents. | Case No.: 24-cv-01080-AJB-BJC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY** |

Presently before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Kenyatta Q. Mitchell, a state prisoner proceeding *pro se* and *in forma pauperis*. (Doc. No. 1.) Respondent filed an Answer and lodged the state court record. (Doc. Nos. 14–15.) Petitioner filed a Traverse with a supporting brief.[1] (Doc. Nos. 18–19.)

///

///

---

[1] Although this case was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither a Report and Recommendation nor oral argument are necessary for the disposition of this matter. *See* S.D. Cal. CivLR 71.1.d.

## I. Background

On December 14, 2016, a San Diego County Superior Court jury found Petitioner guilty of second-degree robbery. (Lodgment No. 1 at 104–07, Doc. No. 15-1.) Petitioner admitted he had a prior serious felony conviction which constituted a strike and two prison priors. (*Id*.) On January 13, 2017, he was sentenced to the upper term of five years on the robbery conviction, doubled as a result of the prior serious felony, plus a five-year enhancement for the prior serious felony, plus a one-year enhancement for each of the two prison priors, for a total sentence of 17 years. (*Id*. at 106–07.) The conviction and sentence were upheld on appeal. (Lodgment No. 12 at 1, Doc. No. 15-13.)

On February 4, 2019, the trial court denied Petitioner's motion to strike the prior conviction and resentence him pursuant to SB 1393, which took effect on January 1, 2019, because that provision did not apply retroactively to his sentence which had become final before SB 1393 took effect. (Lodgment No. 1 at 109, Doc. No. 15-1.) On March 22, 2022, pursuant to a stipulation by the parties, the enhancements on the two one-year prison priors were invalidated pursuant to California Penal Code § 1171.1, and the sentence was corrected to 15 years. (Lodgment No. 1 at 110–11.)

Plaintiff filed numerous motions and petitions in state court requesting release from custody, arguing that the five-year enhancement on the prior serious felony conviction should be dismissed and the mid-term be imposed on the robbery conviction pursuant to California Penal Code § 1171.1, and that the public defender who entered the stipulation on his behalf falsely claimed he attempted but failed to contact Petitioner before stipulating. (*Id*. at 44–72.) The trial court held a hearing on September 30, 2022, at which Petitioner's request to represent himself was granted, and the court imposed the same 15-year sentence. (*Id*. at 98–100, 114.) The trial court noted Petitioner's objection that he had not been a party to the stipulation and treated it as a nullity. (Lodgment No. 2 at 23, Doc. No. 15-3.)

Petitioner appealed, raising claims not presented here. (Lodgment Nos. 5–7, Doc. Nos. 15-6, 15-7, 15-8.) On March 12, 2024, the appellate court affirmed, and described the resentencing hearing as follows:

      In September 2022, the trial court (with a different judge presiding) held a hearing to resentence Mitchell in accordance with section 1172.75. The parties had agreed Mitchell was entitled to have both of his one-year prison prior enhancements stricken. They disagreed, however, on other aspects of Mitchell's resentencing.

      Relying on *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and section 1385, among other authorities, Mitchell urged the trial court to dismiss his prior strike conviction and prior serious felony enhancement and to impose a middle-term sentence. The prosecution opposed further reduction of Mitchell's sentence on the ground his numerous offenses and poor performance in prison showed he was a danger to public safety. The trial court denied Mitchell's *Romero* motion to dismiss the prior strike after concluding the seriousness of his criminal history and the recency of the strike conviction brought him squarely within the spirit of the Three Strikes law. It elected to impose the serious felony enhancement based in part on its finding that Mitchell had continued to engage in violent conduct while in prison such that public safety would be endangered by dismissal of the enhancement. Finally, the trial court elected to impose the upper term, stating: "The (c)ourt is choosing the upper term based upon the prior convictions that were admitted by the defendant in his original trial, and thus proven beyond a reasonable doubt; and is relying on (California Rules of Court, rule) 4.421(b)(2) and (b)(3) to choose the upper term." After making its sentencing decision, the court "also note(d) pursuant to (section) 1172.75, the upper term was originally chosen."

      The court thus resentenced Mitchell to a total prison term of 15 years, consisting of the upper term of five years for the robbery, doubled to 10 years for the strike prior, plus a consecutive five-year term for the prior serious felony.

(Lodgment No. 8 at 3–4, Doc. No. 15-9.)

The appellate court rejected Petitioner's contentions that his equal protection rights were violated by provisions of California Penal Code § 1171.1, later renumbered California Penal Code § 1172.75(d)(3) and (d)(4), which permitted the court to impose the upper term on the robbery conviction based on post-conviction factors without a requirement they be proven beyond a reasonable doubt or stipulated to by the defendant, finding his sentence was not affected by that alleged disparity because he had admitted the priors at trial and the resentencing court did not rely on post-conviction factors to impose the upper term,

merely to find that dismissal of the strike was not appropriate. (*Id*. at 7–10.) The appellate court rejected his other equal protection argument of disparate treatment arising from a provision that when an upper term is imposed at trial the resentencing court can only apply a sentence longer than the middle term if there are circumstances in aggravation found at trial beyond a reasonable doubt or stipulated to by the defendant, finding Petitioner waived that argument by failing to raise it in the trial court and that it failed on the merits for lack of prejudice because the resentencing court did not rely on the fact that the upper term was previously imposed. (*Id*.) Petitioner filed habeas petitions in the trial and appellate courts while his appeal was pending, which were denied without prejudice to the consideration of the claims in the appeal. (Lodgment Nos. 11–16, Doc. Nos. 15-12, 15-13, 15-14, 15-16, 15-17.) The state supreme court summarily denied review on May 15, 2024. (Lodgment No. 10, Doc. No. 15-11.)

On March 29, 2024, Petitioner filed a habeas petition in the state supreme court raising claims 1-3 presented here, which was summarily denied. (Lodgment Nos. 17–18, Doc. Nos. 12-18, 12-19.) Claim four was raised in an appellate court habeas petition but not in the state supreme court. (Lodgment No. 15 at 8, Doc. No. 15-16; Lodgment No. 16 at 2, Doc. No. 15-17.)

## II.   Petitioner's Claims

(1) Petitioner's Sixth Amendment Confrontation Clause right to be present was violated because he was not a party to the stipulation which he did not receive until after resentencing, rendering the resentencing hearing a sham because the same sentence was imposed with consideration of unadmitted prior convictions. (Doc. No. 1 at 6.)

(2) Petitioner's Fourteenth Amendment right to equal protection was violated by his failure to be a party to the stipulation. (*Id*. at 7.)

(3) Petitioner's Fourteenth Amendment right to equal protection was violated by the refusal of the appellate court to consider his objections that he was not a party to the stipulation and to the use of unadmitted priors at resentencing. (*Id*. at 8.)

///

(4) Petitioner's Sixth Amendment right to the effective assistance of counsel was denied by trial counsel's failure to include him in the stipulation and allowing consideration of unadmitted priors at resentencing, and by appellate counsel's failure to raise those issues on appeal. (*Id*. at 9.)

### III. Discussion

#### A. Standard of Review

In order to obtain federal habeas relief with respect to a claim which was adjudicated on the merits in state court, a federal habeas petitioner must first demonstrate that the state court adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court's decision may be "contrary to" clearly established law (1) "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407.

Clearly established law "refers to the holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the relevant state-court decision." *Id*. at 412. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively

unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003), citing 28 U.S.C. § 2254(e)(1)&(d)(2). Even if Petitioner can satisfy § 2254(d), a showing of a constitutional violation is still necessary for habeas relief. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007) (holding that section 2254(d) "sets forth a precondition to the grant of habeas relief . . ., not an entitlement to it."). Even then federal habeas relief is ordinarily not available if the federal constitutional error is harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (holding that a state prisoner seeking federal habeas relief must show a trial error had "a substantial and injurious effect or influence in determining the jury's verdict.").

**B.     Claim One**

Petitioner claims his Sixth Amendment Confrontation Clause right was violated because he was not a party to the May 20, 2022, stipulation, which referenced unadmitted priors and agreed to dismiss the two one-year enhancements and resentence him to 15 years, as the stipulation rendered the September 30, 2022, resentencing hearing a sham. (Doc. No. 1 at 6.) Respondent answers that Petitioner's claim fails factually because the record shows he was present at the September 30, 2022, hearing where the trial court indicated it was aware Petitioner was not a party to the stipulation and did not rely on it. (Doc. No. 14-1 at 5–6.) Respondent also argues that the state court adjudication of this claim cannot be contrary to or involve an unreasonable application of clearly established federal law because Petitioner relies solely on an error of state sentencing law which is not cognizable on federal habeas. (*Id*. at 6–7.) Petitioner replies that the same stipulated sentence was imposed at the resentencing hearing, indicating it was a sham, and the resentencing court did not ask him if he admitted the prior convictions prior to using them in its decision. (Doc. No. 18 at 8–9; Doc. No. 19 at 1–10.)

Claim one was presented to the state supreme court in a habeas petition arguing that Petitioner's failure to be party to the stipulation violated his Sixth Amendment rights because it allowed an unlawful sentence to be imposed which included reliance on unadmitted priors. (Lodgment No. 17 at 3, Doc. No. 15-18 at 3.) It was denied in an order

which stated: "Petition for writ of habeas corpus denied. Guerrero, C. J., was recused and did not participate." (Lodgment No. 18, Doc. No. 15-19.) There is no other state court decision addressing claim one.

The silent denial of claim one by the state supreme court is presumptively a decision on the merits of the claim. *Hunter v. Aispuro*, 982 F.2d 344, 347–48 (9th Cir. 1992); *Harrington v. Richter*, 562 U.S. 86, 99–100 (2011) (holding that an unexplained denial of a claim by the California Supreme Court is an adjudication on the merits entitled to AEDPA deference unless "there is reason to think some other explanation for the state court's decision is more likely."). "Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (holding that when the state court reaches the merits of a claim but provides no reasoning to support its conclusion, "although we independently review the record, we still defer to the state court's ultimate decision."). Rather, the Court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 562 U.S. at 102.

The state supreme court could have denied this claim on the basis that no federal constitutional violation occurred because the stipulation became moot when the trial court held the resentencing hearing and because the state court record reflects that Petitioner admitted the truth of his prior convictions in open court at trial. (Lodgment No. 1 at 105, Doc. No. 15-1.) Petitioner's contention that the same sentence was imposed merely reflects the trial court's rejection of his request for discretionary dismissal of the prior strike conviction. As noted above, the appellate court stated:

> Relying on *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and section 1385, among other authorities, Mitchell urged the trial court to

dismiss his prior strike conviction and prior serious felony enhancement and to impose a middle-term sentence. The prosecution opposed further reduction of Mitchell's sentence on the ground his numerous offenses and poor performance in prison showed he was a danger to public safety. The trial court denied Mitchell's *Romero* motion to dismiss the prior strike after concluding the seriousness of his criminal history and the recency of the strike conviction brought him squarely within the spirit of the Three Strikes law. It elected to impose the serious felony enhancement based in part on its finding that Mitchell had continued to engage in violent conduct while in prison such that public safety would be endangered by dismissal of the enhancement. Finally, the trial court elected to impose the upper term, stating: "The (c)ourt is choosing the upper term based upon the prior convictions that were admitted by the defendant in his original trial, and thus proven beyond a reasonable doubt; and is relying on (California Rules of Court, rule) 4.421(b)(2) and (b)(3) to choose the upper term." After making its sentencing decision, the court "also note(d) pursuant to (section) 1172.75, the upper term was originally chosen."

(Lodgment No. 8 at 3–4, Doc. No. 15-9.)

The record reflects the trial court read and considered Petitioner's papers and provided him with the opportunity to address the court before and after resentencing, at which he was present representing himself. (Lodgment No. 2 at 17–19, 21–23; Doc. No. 15-3.) Prior to ruling on the resentencing motion, the trial court granted Petitioner's request to set aside the stipulation, stating:

> Having found that the original judgment includes the prior enhancements, pursuant to Senate Bill 483 and Penal Code Section 1172.75, the Court shall re-call and resentence the defendant. This issue of resentencing is open by the mere fact of having a prison prior. In essence, the Court is going back to the 17-year prison sentence because Mr. Mitchell has asked to have this reviewed since he was not part -- since he was not present when the parties entered into their stipulation; and thus the resentencing is open to the Court.

(*Id*. at 23.) The court noted Petitioner admitted his prior convictions at trial. (*Id*. at 26.)

Petitioner has not shown that the state supreme court's denial of his claim that the trial court conducted a sham hearing by reimposing the stipulated sentence and considering unadmitted prior convictions in violation of his Sixth Amendment right to be a party to the

stipulation, is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Neither has he shown it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. The Ninth Circuit has held that a state criminal defendant does not have a federal constitutional right to be present at resentencing proceedings. *See Wade v. Calderon*, 29 F.3d 1312, 1325 (9th Cir. 1994) ("[P]etitioner does not have an automatic right to be present at a hearing in which he is collaterally attacking his criminal conviction."), overruled in part on other grounds as recognized in *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005). Even assuming Petitioner had a Sixth Amendment right to be a party to the stipulation and that it was violated, harmless error analysis of *Brecht* applies to such a claim. *Campbell v. Rice*, 408 F.3d 1166, 1172 (9th Cir. 2005) (en banc). Nothing in the record suggests Petitioner's failure to be a party to a stipulation that Penal Code § 1171.1 required the dismissal of the two one-year enhancements, or by the failure of the resentencing court to require him to re-admit his priors, had a "substantial and injurious effect" on the outcome of the resentencing hearing, which was held at Petitioner's request, with Petitioner in attendance, with consideration of his arguments, and after the trial court clearly indicated it was relying on the admission of the priors at trial and treated the stipulation as a nullity because Petitioner was not a party to it. *Brecht*, 507 U.S. at 623.

Habeas relief is denied with respect to claim one because the state court adjudication of the claim is objectively reasonable within the meaning of 28 U.S.C. § 2254(d)(1)–(2) and because even assuming that standard can be met, any federal constitutional error is harmless within the meaning of *Brecht*.

### C.    Claim Two

Petitioner contends in claim two that his Fourteenth Amendment right to equal protection was violated by his failure to be a party to the stipulation because it rendered a sham the subsequent resentencing hearing where unadmitted priors were considered. (Doc. No. 1 at 7.) Respondent answers that this claim fails because the stipulation became moot at the resentencing hearing and any claim the state court violated state sentencing laws is

not cognizable on federal habeas. (Doc. No. 14-1 at 6–7.) Petitioner replies that his failure to be party to the stipulation, which contained unadmitted priors, rendered the later hearing a violation of due process. (Doc. No. 18 at 8–9; Doc. No. 19 at 1–10.)

  This claim was presented to the state supreme court in a habeas petition arguing that Petitioner's failure to be party to the stipulation violated his Fourteenth Amendment due process rights because he was unable to object to the new sentence, which was increased based on prior convictions for which the resentencing court did not obtain an express admission. (Lodgment No. 17 at 4, Doc. No. 15-18.) It was summarily denied. (Lodgment No. 18, Doc. No. 15-19.) There is no other state court decision addressing this claim. As with claim one, the Court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 562 U.S. at 102.

  The state supreme court could have denied this claim on the basis that the record clearly reflected, as set forth with respect to claim one, that the trial court did not rely on the stipulation at resentencing but treated it as a nullity, and that the resentencing court was entitled to rely on Petitioner's admissions at trial of the truth of the priors. Thus, Petitioner has not shown that the state supreme court's denial of this claim is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

  Neither has he shown it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings); *Sturm v. California Youth Authority*, 395 F.2d 446, 448 (9th Cir. 1967) (holding that "a state court's interpretation of its [sentencing] statute does not raise a federal question."). Even were a federal due process or equal protection violation to have occurred, there is nothing in the record to suggest Petitioner's failure to be a party to the stipulation or the resentencing court's failure to require him to re-admit

his priors had any effect on resentencing, much less a "substantial and injurious effect" on the outcome of the resentencing hearing. *Brecht*, 507 U.S. at 623.

Habeas relief is denied with respect to claim two because the adjudication of the claim by the state court is objectively reasonable within the meaning of 28 U.S.C. § 2254(d)(1)-(2), and because even assuming that standard can be met, any federal constitutional error is harmless within the meaning of *Brecht*.

### D.     Claim Three

Petitioner contends in claim three that his Fourteenth Amendment right to equal protection was violated by the state appellate court's August 12, 2024, decision to affirm the trial court's resentencing judgment without addressing his arguments that he was not party to the stipulation and did not admit the truth of the priors at the resentencing hearing. (Doc. No. 1 at 8.) Respondent answers this claim fails because the stipulation became moot after the resentencing hearing, Petitioner admitted the priors at trial, and any claim the state court violated state sentencing laws is not cognizable on federal habeas. (Doc. No. 14-1 at 6-7.) Petitioner replies that despite being represented on appeal by appointed counsel, the appellate court did not consider his arguments regarding the stipulation and the use of unadmitted prior convictions. (Doc. No. 18 at 6-7.)

This claim was presented to the state supreme court in a habeas petition (Lodgment No. 17 at 5, Doc. No. 15-18), which was summarily denied (Lodgment No. 18, Doc. No. 15-19), and there is no other state court decision addressing this claim. The Court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 562 U.S. at 102.

The state supreme court could have denied this claim on the basis that the appellate court's failure to explicitly address Petitioner's arguments that he was not a party to the stipulation and did not re-admit his priors did not violate equal protection because his arguments failed on the facts and the merits. As noted, Petitioner admitted the priors at

trial and the stipulation was treated as a nullity by the resentencing court. Thus, Petitioner has not shown that the state supreme court's denial of this claim is based on an unreasonable determination of the facts or that it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See Langford*, 110 F.3d at 1389 ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings); *Sturm*, 395 F.2d at 448 (holding that "a state court's interpretation of its [sentencing] statute does not raise a federal question"). Even if Petitioner could show a federal constitutional violation occurred, there is nothing in the record to suggest the appellate court's failure to explicitly address his arguments regarding his failure to be a party to the stipulation and failure to admit the truth of the priors at the resentencing hearing had a "substantial and injurious effect" on the outcome of the resentencing hearing or his appeal. *Brecht*, 507 U.S. at 623.

Although not entirely clear, it appears possible that Petitioner is attempting in claims two and/or three to challenge the state appellate court's rejection of the equal protection challenge his appointed counsel raised on direct appeal of his resentencing. (*See* Doc. No. 1 at 7-8.) To the extent this is an attempt to raise the same equal protection claim in this Court as his appellate counsel raised on appeal, the claim fails. The Court looks through the state supreme court's silent denial of the petition for review on appeal of the resentencing decision (Lodgment No. 10, Doc. No. 15-11), and applies the provisions of 28 U.S.C. § 2254(d) to the last reasoned state court decision addressing the claim, the appellate court opinion on appeal. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991).

The appellate court rejected the first challenge to the provision which permitted the court to impose the upper term on the robbery conviction based on post-conviction factors without a requirement they be proven beyond a reasonable doubt or stipulated to by the defendant, on the basis that Petitioner's sentence was not affected by post-conviction factors because they were not considered in imposing the upper term, merely on finding Petitioner posed a danger if released and in declining to strike the prior serious felony conviction. (Lodgment No. 8 at 7-10, Doc. No. 15-9.) The appellate court rejected the

other equal protection argument of disparate treatment arising from a provision that when the upper term was imposed at trial the resentencing court can only apply a sentence longer than the middle term if there are circumstances in aggravation found at trial beyond a reasonable doubt or stipulated to by the defendant, finding that Petitioner had waived that argument by failing to raise it in the trial court, but that even if they did address the claim it failed on the merits for lack of prejudice. (*Id*. at 10-17.) The appellate court concluded by stating: "[Petitioner] does not succeed in showing that the court relied on postconviction factors, nor does he succeed in demonstrating that the court based its upper term decision on the fact that he originally received the upper term." (*Id*. at 17.) Thus, even if Petitioner seeks to raise the equal protection claims here that were raised on his direct appeal of his resentencing, they fail for the same reasons set forth above as to why his other claims fail. Namely, any error is harmless because Petitioner has not shown that even if provisions of the resentencing statutes caused disparate impacts on similarly situated defendants in violation of equal protection, that they had *any* effect on the outcome of his resentencing hearing, much less a "substantial and injurious effect." *Brecht*, 507 U.S. at 623.

Habeas relief is denied with respect to claim three because the adjudication of the claim by the state court is objectively reasonable within the meaning of 28 U.S.C. § 2254(d)(1)-(2), and because even assuming that standard can be met, any federal constitutional error is harmless within the meaning of *Brecht*.

### E. Claim Four

Finally, Petitioner alleges in claim four that his Sixth Amendment right to the effective assistance of counsel was denied by trial counsel's failure to include him as a party to the stipulation and allowing consideration on resentencing of unadmitted prior convictions, and by appellate counsel's failure to raise those issues on appeal. (Doc. No. 1 at 9.) Respondent answers that this claim is without merit because neither counsel had a constitutional obligation to raise meritless claims or arguments. (Doc. No. 14-1 at 8.) Petitioner replies that his appellate counsel did not even mention the stipulation or the unadmitted priors in his opening brief, resulting in the failure of the state appellate court to

correct the trial court's failure to consider that the public defender did not make him a party to the stipulation and that he did not admit the priors. (Doc. No. 19 at 4-10.)

Respondent contends this claim was presented to the state supreme court in a habeas petition lodged as Lodgment No. 17. (Doc. No. 14-1 at 4.) However, although claims one through three in the federal Petition here were raised in that state supreme court petition (*see* Lodgment No. 17 at 3-5, Doc. No. 15-18), Petitioner did not raise a claim of ineffective assistance of counsel. Petitioner indicates he raised claim four here in that state supreme court habeas petition and in the petition for review filed in the state supreme court by his appointed counsel on direct appeal. (Doc. No. 1 at 9.) This claim was not presented in the state supreme court petition for review either. (*See* Lodgment No. 9, Doc. No. 15-10.) Petitioner raised an ineffective assistance of appellate counsel claim in an appellate court habeas petition filed while his appeal was pending. (Lodgment No. 15 at 8, Doc. No. 15-16.) The appellate court found: "we conclude his petition is procedurally barred at this time. Assuming, without deciding, that Mitchell raises a meritorious claim in his writ petition, he may be able to file a new petition after his appeal is final to assert that his appellate counsel was ineffective if he can establish he was prejudiced by a failure to raise the claim." (Lodgment No. 16 at 2, Doc. No. 15-17.) There is no indication in the record that this aspect of claim four was thereafter presented to the state supreme court as required for proper exhaustion of state court remedies, and it does not appear the ineffective assistance of trial counsel claim has been presented to the state court at all.

However, "[t]he exhaustion requirement 'refers only to remedies still available at the time of the federal petition.' If a petitioner failed to present his claims in state court and can no longer raise them through any state procedure, state remedies are no longer available, and are thus exhausted." *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002), quoting *Engle v. Isaac*, 464 U.S. 107, 125 n.28 (1982). "A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005), quoting *Coleman v. Thompson*, 501 U.S. 722, 732

(1991). It is now too late for Petitioner to timely present these claims to the state court because he was clearly aware of them at the time he filed his state supreme court habeas petition presenting his other claims on March 29, 2024, following the state appellate court's March 12, 2024, opinion. *See Walker v. Martin*, 562 U.S. 307, 310-22 (2011) (holding that California's timeliness rule which requires petitioners to file known claims "as promptly as the circumstances allow" is clearly established and consistently applied).

A federal habeas court can conduct a de novo review of claims to rule on their merits if they are technically exhausted. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (holding that a federal habeas court may conduct a de novo review to deny a petition "because a habeas petition will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review."); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). Although a claim may be denied under 28 U.S.C. § 2254(b)(2) only if "it is perfectly clear that the petitioner has no hope of prevailing," *Cassett*, 406 F.3d at 623-24, that is clearly the case with claim four here.

Under de novo review "state court judgments of conviction and sentence carry a presumption of finality and legality and may be set aside only when a state prisoner carries his burden of proving that [his] detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." *Hayes v. Brown*, 399 F.3d 972, 978 (9th Cir. 2005) (en banc); *see also Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008) (en banc) (holding that even if state court does not address a constitutional issue, where the reasoning of the state court is relevant to resolution of the issue, that reasoning must be part of federal habeas court's consideration even under a de novo review).

To constitute constitutionally ineffective assistance of counsel, counsel's performance must have been deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's deficient performance must also have prejudiced the defense, which requires showing that

"counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." *Id.* Prejudice requires a reasonable probability that the result of the proceeding would have been different absent the error, that is, "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Both deficient performance and prejudice must be shown, although a reviewing court need not examine both prongs if either one is not established. *Id.* at 687. Federal habeas review under *Strickland* is "highly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

For the reasons set forth above with respect to Petitioner's other claims, the Court finds Petitioner has failed to show that the decision by trial or appellate counsel to refrain from raising a claim that his failure to be a party to the stipulation and his failure to be required to repeat his trial admission to the truth of the prior convictions at resentencing, amounted to deficient performance or prejudice. *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (counsel not ineffective for failing to raise meritless claims); *Strickland*, 466 U.S. at 694 (prejudice requires a showing of a reasonable probability that the result of the proceeding would have been different absent the error).

The Court denies federal habeas relief as to claim four under a de novo review.

## IV.  Certificate of Appealability

The Court is required to grant or deny a Certificate of Appealability when entering a final order adjudicating a 28 U.S.C. § 2254 habeas petition. *See* R. 11, Rules Governing Section 2254 Cases (2019). "[T]he only question [in determining whether to grant a Certificate of Appealability] is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017), quoting *Miller-El*, 537 U.S. at 327.

Under that standard, the Court finds that the issues involved in all four claims are neither adequate to deserve encouragement to proceed further or that jurists of reason could disagree with the resolution of the claims. A Certificate of Appealability is denied as to all claims in the Petition.

## V. Conclusion and Order

Based on the foregoing, the Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and the Court **DENIES** a Certificate of Appealability. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: December 4, 2024

Hon. Anthony J. Battaglia
United States District Judge